64781. AUTOMATED ENERGY SYSTEMS, INC. v. FIBERS & FABRICS OF GEORGIA, INC.

CARLEY, Judge.
On January 17, 1980, plaintiff-appellee placed an order with defendant-appellant for the purchase of an "eight position spinning

system." Initially, the purchase price of $180,000 was to be paid under the following schedule: 10% down; 20% within 10 days of notification that the equipment was ready for testing; and, the remaining 70%, 30 days after start up. Appellee made the initial 10% down payment. In May of 1980, however, appellee advised appellant that, due to delayed deliveries of other essential equipment, appellee needed to change the delivery date of the spinning system from August, 1980 to the end of October or early November, 1980. Appellant agreed to delay delivery, but insisted on changing the payment schedule. Negotiations continued until December 22, 1980, when the parties signed a new agreement. The new agreement required an additional 20% of the purchase price to be paid on or before January 15, 1981, 35% to be paid within 45 days of delivery, which was to be made in early February, and 35% to be paid within 90 days of delivery.

Appellee made the 20% additional payment within the agreed time, for a total advance payment of $54,000. In late January or early February, 1981, before delivery of the equipment, appellant's officers visited appellee's premises and requested that appellee sign financing statements which would give appellant a lien on the spinning system. Appellant did not offer any explanation to appellee for its request in this regard, nor was there any contractual agreement between the parties requiring appellee to sign the financing statements. The apparent reason underlying appellant's request was that it had been urged by its bank to obtain the financing statements.

Appellee declined to sign the financing statements and, for this reason alone, appellant refused to make delivery. Although negotiations continued, neither delivery by appellant nor any further payment by appellee was made. By letter of June 1, 1981, appellee advised appellant that it considered the contract breached by appellant because of, among other things, appellant's failure to deliver the equipment. Appellee's letter also demanded a refund of its advance payment. When its demand for a refund was not met, appellee filed the instant suit for breach of contract. Appellant answered, asserting that it had not breached the contract by refusing to deliver the system. Appellant contended that it had merely exercised its right to suspend performance pursuant to Code Ann. § 109A-2—609, as reasonable grounds for insecurity concerning appellee's performance existed and no adequate assurances were provided by appellee. Appellant also counterclaimed for damages alleging breach of contract by appellee. Appellee's motion for summary judgment was granted by the trial court and appellant appeals.

Code Ann. § 109A-2—609 (1) provides in pertinent part: "A contract for sale imposes an obligation on each party that the other's

expectation of receiving due performance will not be impaired. When reasonable grounds for insecurity arise with respect to the performance of either party the other may in writing demand adequate assurance of due performance and until he receives such assurance may if commercially reasonable suspend any performance for which he has not already received the agreed return." This statute clearly requires that when reasonable grounds for insecurity arise, before a party avails himself of the right to suspend his further performance, he must, *in writing demand adequate assurance of due performance* of the other party.

Appellant contends that its mere oral request that appellee sign the financing statements, which would have materially altered the terms of the contract by placing a lien on the system, constituted compliance with Code Ann. § 109A-2—609 and that appellee's refusal to comply with that request authorized appellant to suspend delivery of the equipment. Appellant's request did not in the least comply with what is required by the statute of a party seeking to suspend performance under its provisions. The request was not in writing, nor did it demand assurance of due performance by appellee. Accordingly, we hold that appellant failed to avail itself of the provisions of Code Ann. § 109A-2—609. Appellee, not having received any written demand for assurances of its performance under the contract, was under no duty to provide the financing statement requested by appellant. At the time of appellant's request, appellee had timely made the only payment then due under the new contract, and appellant's failure to perform by delivery was unjustified and was in breach of its obligation under the contract. Although this is apparently a case of first impression in Georgia, the result is compelled under the clear language of Code Ann. § 109A-2—609. See Continental Grain Co. v. McFarland, 29 UCC Rep 512 (4th Cir. 1980) where the same conclusion was reached by the United States Court of Appeals, Fourth Circuit, in a case involving a similar factual situation.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED DECEMBER 3, 1982 —
REHEARING DENIED DECEMBER 15, 1982.

*Thomas L. Hodges III,* for appellant.
*E. Freeman Leverett,* for appellee.